Saldivar Moran v. Sessions

BIA
Sichel, IJ
A201 241 803

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of September, two thousand eighteen.

PRESENT:
              RALPH K. WINTER,
              JOHN M. WALKER, JR.,
              CHRISTOPHER F. DRONEY,
                        *Circuit Judges.*

_____

MIGUEL SALDIVAR MORAN, AKA MIGUEL
SALDIVAR, AKA MIGUEL MORAN
SALDIVAR,
                        *Petitioner*,

              v.                                                          17-2209

JEFFERSON B. SESSIONS III,
UNITED STATES ATTORNEY GENERAL,
                        *Respondent*.

_____

FOR PETITIONER:              Robert Cini, Howard M. Rosengarten, New York, NY.

FOR RESPONDENT:              Chad A. Readler, Acting Assistant Attorney General;
                             Carl McIntyre, Assistant Director; Kevin J. Conway,
                             Trial Attorney, Office of Immigration Litigation,
                             United States Department of Justice, Washington, DC.

**UPON DUE CONSIDERATION** of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby **ORDERED, ADJUDGED, AND DECREED** that the petition for review is **DISMISSED**.

Petitioner Miguel Saldivar Moran, a native and citizen of Mexico, seeks review of a June 30, 2017, decision of the BIA dismissing his appeal of a September 7, 2016, decision of an Immigration Judge ("IJ") ordering his removal and denying his application for cancellation of removal. *In re Miguel Saldivar Moran*, No. A 201 241 803 (B.I.A. June 30, 2017), *aff'g* No. A 201 241 803 (Immig. Ct. N.Y. City Sept. 7, 2016). We assume the parties' familiarity with the underlying facts and procedural history in this case.

## I.  Jurisdiction

Our jurisdiction to review Saldivar Moran's removal order is limited to *de novo* review of non-frivolous constitutional claims or questions of law, *see* 8 U.S.C. § 1252(a)(2)(D); *Pierre v. Holder*, 588 F.3d 767, 772 (2d Cir. 2009); *Barco-Sandoval v. Gonzales*, 516 F.3d 35, 40 (2d Cir. 2008). Accordingly, we may not review Saldivar Moran's challenge to the removal order if it "merely quarrels over the correctness of the factual findings or justification for the discretionary choices." *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 329 (2d Cir. 2006).

## II.  Governing Law

A nonpermanent resident, such as Saldivar Moran, may have his removal cancelled if he demonstrates that his "removal would result in exceptional and extremely unusual hardship" to his U.S. citizen or lawful permanent resident spouse, parent, or child. 8 U.S.C. § 1229b(b)(1)(D). To satisfy this standard, "the hardship to [his] relatives . . . must be 'substantially' beyond the ordinary hardship that would be expected when a close family member leaves this country." *In re Monreal-Aguinaga*, 23 I. & N. Dec. 56, 62 (B.I.A. 2001) (quoting H.R. Conf. Rep. No. 104-828, at 213 (1996)).

Because the BIA only affirmed the IJ's hardship determination, and in doing so relied on a more limited set of factors than the IJ, we have reviewed the IJ's decision as limited by the BIA's analysis. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). Accordingly, the issue presented is whether Saldivar Moran has identified a non-frivolous constitutional claim or question of law regarding the IJ's hardship determination. We conclude he has not. Although the agency may commit an error of law if it ignores or seriously mischaracterizes material facts, *see Mendez v. Holder*, 566 F.3d 316, 323 (2d Cir. 2009), the record reflects that the IJ and the BIA properly considered the evidence Saldivar Moran submitted.

2

### III. Undue Hardship to Saldivar Moran's Parents and Sister

Saldivar Moran argues that the IJ improperly speculated that his parents' diabetes and his mother's poor vision are common and usually manageable conditions, and that the IJ could have sought testimony from his parents rather than relying solely on their affidavits, which did not elaborate on the seriousness of their medical conditions. But neither of those arguments shows that the IJ failed to consider or mischaracterized the evidence he submitted. Instead, Saldivar Moran challenges the IJ's factual determination, over which this court has no jurisdiction, *Emokah v. Mukasey*, 523 F.3d 110, 119 (2d Cir. 2008), and fails to acknowledge that he had the burden to prove that his parents' medical conditions were sufficiently serious, *see* 8 U.S.C. § 1229a(c)(4)(A), (B) (placing the burden of proving eligibility for relief on the applicant, providing that the IJ may require corroboration of even credible testimony, and requiring the applicant to produce such evidence unless it cannot be reasonably obtained). Although Saldivar Moran's parents did not testify, Saldivar Moran stipulated that they would testify consistently with their affidavits, documents that the IJ identified as exhibits and cited throughout his opinion.

Nor did the agency ignore evidence of Saldivar Moran's parents' or sister's economic or logistical hardships. The IJ acknowledged Saldivar Moran's testimony that his parents would be unable to provide for Roberto because of their health conditions and that his sister's full-time job would make it impossible for her to care for Roberto as well as her own child. But the IJ concluded that Saldivar Moran had not demonstrated that he could not financially support Roberto from Mexico or that his family could not care for Roberto, particularly given that Roberto now lives with his aunt and grandparents whose schedules align with Roberto's. Because the IJ considered the evidence Saldivar Moran claims it did not, he has not identified a non-frivolous question of law for the court's review. *See Mendez*, 566 F.3d at 323.

### IV. Undue Hardship to Saldivar Moran's Son

Saldivar Moran also claims the IJ failed to conduct adequate factfinding regarding the seriousness of his son's heart murmur. But, again, Saldivar Moran bore the burden of proving that hardship and thus may only argue that the IJ failed to consider or mischaracterize the evidence he offered in support. Here, the IJ considered the only documentation provided of his son's heart condition—an assessment from a social worker—and noted that Saldivar Moran had not produced medical records or a letter from a cardiologist or treating physician to prove his claim. The IJ was permitted to require this documentation. *See* 8 U.S.C. § 1229a(c)(4)(B). And because the IJ's conclusion that the evidence of hardship due to that condition was insufficient is another factual determination that we cannot reach, *Emokah*, 523 F.3d at 119, Saldivar Moran still has not shown reversible error.

Saldivar Moran also asserts that the IJ should not have used his conviction for driving while intoxicated and endangering the welfare of a child—involving his son and others—as evidence of "extremely poor parenting."[1]   But even if the IJ should not have considered his poor parenting, the BIA did not rely on it in affirming the IJ's decision, and so it could not have resulted in reversible prejudice.   *See Xue Hong Yang*, 426 F.3d at 522.

To the extent Saldivar Moran also argues that the IJ failed to consider positive representations of his parenting in his family's affidavits, that argument also fails.   The IJ cited the affidavits throughout her decision, leaving no doubt that she had reviewed and considered the statements they contain.

## V.    Conclusion

For the foregoing reasons, the petition for review is **DISMISSED**.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

---

[1] Saldivar Moran, however, does not challenge the consideration of his criminal conviction generally.

4